**Prudential Property & Casualty Company
v. Campagna**

*Charles Craven,* for plaintiff.
*Robert Schaffer,* for defendant.

GELFAND, *J.,* December 18, 1981—The matter before this court is a petition for a medical examination filed by Prudential Property and Casualty Company (hereinafter called petitioner) pursuant to 40 P.S. §1009.401 of the Pennsylvania No-fault Motor Vehicle Insurance Act (1974, July 19, P.L. 489, §401.

Although no copy of a physician's report was in-- troduced as evidence, petitioner seeks to have its insured, Anthony Campagna (hereinafter called respondent) submit to a medical examination before a physician of petitioner's choice because he had previously been examined by a physician on behalf of the petitioner who allegedly "indicated *in essence* that . . . [respondent] should have returned to work on or about March 8th, 1979." (Emphasis added).

The No-fault Act (40 P.S. 1009.401) provides as follows:

"§1009.401 Examination

Whenever the mental or physical condition of a person is material to any claim that has been or may be made for past or future basic loss benefits, a court of competent jurisdiction may order the person to submit to mental or physical examination by a physician or physicians. The order may be made only on the motion *for good cause shown* and upon notice to the person to be examined and to all other persons having an interest and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made." (Emphasis added.)

It is the view of this court that the mere allegation that an obligor's physician stated "in essence" that a claimant should have returned to work is not such "good cause" as is anticipated or required by the applicable section of the No-fault Act as set forth hereinbefore.

Accordingly, for the foregoing reason, this court sees no basis to grant petitioner's request for a medical examination.

Further, inasmuch as petitioner does admit that respondent is its insured under a subsisting no-fault insurance policy; and that respondent was injured in an automobile accident thereby entitling him to Personal Injury Protection Benefits under the No-fault Act, this court sees no reason to preclude him from recovery of such benefits as are due and owing.

Accordingly, inasmuch as the only reason petitioner gives for withholding payment of no-fault benefits is because it seeks a medical examination of respondent, and the record is devoid of any indication as to what no-fault benefits are outstanding, this court sees no reason to preclude petitioner from paying such no-fault benefits as are due.

Accordingly, for the foregoing reasons, this court entered the following

ORDER

And now, September 24th, 1980, upon consideration of the within petition, answer thereto, and memoranda in connection therewith, it is hereby ordered that petitioner's request for a medical examination of respondent herein, pursuant to §401 of the Pennsylvania No-fault Motor Vehicle Insurance Act (40

P.S. §1009.401), is denied. Petitioner is to pay all No-fault benefits due and owing to respondent forthwith.